```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA,

         - against -

PHILLIP R. BENNETT,                    MEMORANDUM AND ORDER

                                       05 Cr. 1192-1 (NRB)
                 Defendant.
---------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On July 3, 2008, this Court sentenced Phillip R. Bennett to 16 years in prison after he plead guilty to a massive fraud he committed as President and Chief Executive Officer of Refco, Inc.  Mr. Bennett, who is 71 years old and a British citizen, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that his age and health conditions, in the setting of the Moshannon Valley Correctional Center (the "MVCC") during the COVID-19 pandemic, warrant reducing his sentence to time served.

Section 3582(c)(1)(A) permits a court to "reduce a term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  However, a court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau

of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).[1]

The Court concludes that in the atypical, and likely unique, circumstances of Mr. Bennett's motion, he will meet his burden of demonstrating that "extraordinary and compelling reasons" warrant a reduction of his sentence to time served, and that such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Mr. Bennett has served 73% of his 16-year sentence, and, accounting for good time credit, is projected to be released on April 22, 2022, after having served approximately 13.6 years, or 85%, of his sentence. Mr. Bennett also meets the criteria set forth in Attorney General Barr's memorandum to the Director of the Bureau

---

[1] Consistent with this Court's reading of Section 3582(c)(1)(A)'s exhaustion requirement, see United States v. Pereyra-Polanco, 19 Cr. 10 (NRB), 2020 WL 1862639, at *1 (S.D.N.Y. Apr. 14, 2020), it will not decide Mr. Bennett's motion until May 21, 2020, when 30 days will have elapsed since the Facility Administrator of the MVCC received Mr. Bennett's request for compassionate release. See ECF No. 299, Ex. 2 (filed under seal). The Facility Administrator denied Mr. Bennett's request on the ground that Mr. Bennett, as a deportable alien, was "ineligible for community based programs to include halfway house, home confinement, and compassionate release." ECF No. 299, Ex. 2 (filed under seal).

of Prisons regarding the availability of home confinement during the COVID-19 pandemic.  See ECF No. 296, Ex. I.  Worth noting in this regard is that Mr. Bennett has been a model prisoner teaching GED classes four times a day, five days a week while he was incarcerated at FCI Ft. Dix, where he served the first ten years of his sentence before being transferred to the MVCC.  Moreover, Mr. Bennett's age, 71, puts him in the category of people for whom COVID-19 poses a far greater risk of death, even though his health conditions are not unusual for someone of his age.[2]

However, the unique feature of Mr. Bennett's application is that U.S. Immigration and Customs Enforcement has lodged an immigration detainer on him, and, prior to the COVID-19 pandemic, Mr. Bennett consented to his removal to the United Kingdom.  ICE's detainer renders Mr. Bennett ineligible for community-based programs, including home confinement.  In fact, the Facility Administrator of the MVCC denied Mr. Bennett's request for compassionate release because the ICE detainer left him ineligible for such consideration.  See ECF No. 299, Ex. 2 (filed under seal). After the Court requested further information regarding the impact of Mr. Bennett's detainer on his release, the Court was informed:

> The Government has spoken with the U.S. Immigration and Customs Enforcement ("ICE") official who initially

---

[2] COVID-19 statistics for the MVCC are not available on the Bureau of Prisons' website because the MVCC is a private prison.

>  placed the immigration detainer on the defendant and the ICE officials in Allenwood, Pennsylvania, who are currently responsible for its execution.  Based on those discussions, the Government understands that if the defendant is released from prison, ICE officials will execute his immigration detainer, taking the defendant into ICE custody and deporting him at the earliest opportunity; since the defendant has a stipulated order of removal and a passport, and the United Kingdom is accepting deportees, ICE may be able to deport him the same day he is taken into ICE custody.

ECF No. 302 at 1 (footnote omitted).

Considering all of the circumstances raised by Mr. Bennett's motion, and especially that ICE will deport him forthwith upon his release, the Court is prepared to grant Mr. Bennett's motion on May 21, 2020.  To facilitate Mr. Bennett's forthwith deportation, counsel should submit a proposed order that includes provisions for the immediate deportation of Mr. Bennett to the United Kingdom upon his release from the MVCC to ICE custody.  The Court is hopeful that the form of the order will be consented to.

    **SO ORDERED.**

Dated:    New York, New York
            May 18, 2020

                                          NAOMI REICE BUCHWALD
                                          UNITED STATES DISTRICT JUDGE